Tenth Circuit No. 22- 1296
D.C. No. 1: 21- CV- 00385- LTB

Cedric Greene
Vs.
Frontier Airlines, Inc.

UNITED STATES COURT OF APPEALS- TENTH CIRCUIT
1823 Stout Street
Denver, Colorado 80257

PETITION TO PROCEED *PRO SE;* MOTION TO SET ASIDE RESTRICTIONS

Cedric Greene
501 East 6th Street
Los Angeles, California 90021
Tel: (323) 972- 9966
Email: cedricgreene33@yahoo.com

## INTRODUCTION

### 1.

The Court's order of September 19, 2022, reminds Greene of the filing restrictions that he is subject to in order to proceed *pro se* on appeal.

In this appeal, we will Petition the Court to proceed *pro se.* In the exact submission, we will also ask for the Court to set aside the requirements for this pro se appeal.

In *Greene v. First to Serve Inc.*, this Tenth Circuit case doesn't fall within those restrictions.

That is why the case should proceed through the normal appeal channels. The Petition to proceed *is being presented* within the meaning of *Federal Rules of Appellate Procedure 5(a)(1).*

Greene's motion to set aside the Court's restrictions should be accepted under *Federal Rules of Appellate Procedure 27(2)(B)(1).*

## REASONS THE COURT SHOULD GRANT THE PETITION TO PROCEED *PRO SE*

### 2.

In his appeal notice, Greene spoke about being declared a frivolous litigant by some jurisdictions. This Court knows him as a *restricted filer.*

Mr. Greene is certainly aware of why the Court made the decision to issue two sets of restrictions. On the flip side, this is an appeal that doesn't fall within the scope of the Court's restrictions.

2

It has a connection to the state, and the subject matters originated within the scope of a Colorado jurisdictional venue.

The Court can raise the issue that the matter doesn't rise to a Federal Subject matter, but that can be explained through legal submissions.

That's one of the reasons why the appeal should proceed. The other is because the District Court's minute order of June 22, 2022, shouldn't have restricted this case.

It's also a question as to the order of September 9, 2022, because family matters are excusable when it's a new life on the way. Greene's great granddaughter is no longer on the way, she is here.

Her weight was five pounds when she decided to come be with us. That's why it will be a challenge to that District Court order of September 9, 2022.

It's an order that we can legally challenge. The minute order of June 22, 2022, can also be challenged. If the District Court is specifically against this case or Greene as pro se, this Court can order another option for Greene to proceed.

That is why the appeal should be permitted to go through. The family wish for it to proceed because the District Court's denial order of September 9, 2022.

The great granddaughter of Cedric Greene is the fourth generation on the side of her great grandmother. The current infant will be in Cedric Greene's life until it expires.

We all believed that the September 9, 2022 order should have been favorable, but the District Court believed otherwise.

This is a higher court, and we appealed. We have two orders that we wish to appeal, and it's no jurisdictional issues in appealing the District Court's findings.

The only issue that could be a presented question is federal jurisdiction, but there are exceptions. Those exceptions could be explained.

That is why we would ask for the Court to permit the appeal to proceed within the normal process of Tenth Circuit guidelines.

## REASONS TO SET ASIDE THE RESTRICTIONS

### 2.

In the restricted case that the Court mentioned in its order, it was a case that didn't fall within the scope of the Court's power to act.

Although Greene had legit reasons why he circumvented the system of the other state, the reality is what it was. The reality was also that the Court's jurisdiction didn't expand to that case.

Greene could have only gotten that case to this Court by transfer order. It goes without question that Greene has ongoing friction with the system in that state.

In this state however, it's different. If the other states system wasn't so stubborn, jurisdiction to Colorado wouldn't be an issue.

As previously detailed, the Court can't connect the restrictions to this case. That is why we will ask that they be set aside for this case.

## ACTION REQUESTED

### 3.

For all of the above reasons, we ask for the Court to grant authorization for the case to proceed under Rule 5(a)(1). In asking for the appeal to proceed, we will also ask for the restrictions to be set aside.

This case has a connection to Colorado, and federal jurisdiction can be explained. That's why we will ask for this Court to accept the case to proceed once again.

Dated: September 29, 2022                                E- Signature: *Cedric Greene Jr.*