No. 22- 1296
D.C. No. 1:21-CV- 00385- LTB

Cedric Greene
Vs.
Frontier Airlines, Inc.

UNITED STATES COURT OF APPEALS- TENTH CIRCUIT
1823 Stout Street
Denver, Colorado 80257

MOTION TO STRIKE REQUIREMENT "2" FOR "*Greene vs. First to Serve Inc., Nos. 21- 1246*"

Cedric Greene
501 East 6th Street
Los Angeles, California 90021
Tel: (323) 972- 9966
Email: cedricgreene33@yahoo.com

## TO THE CLERK OF COURT:

### 1.

The Court's mandate of October 4, 2022, dismissed the above appeal for Greene's failure to comply with the applicable restrictions under the listed case.

Greene's inner circle has plans to ask the Court to recall its mandate in a valued effort to comply with the Court's restrictions in the outlined case.

Requirement "2" of the restrictions asks that we include a list of all pending or previously filed appeals in this court, *but we would respectfully ask for the Court to Strike that requirement.*

Our Motion to Strike that requirement shall be accepted by the Court under *Federal Rules of Appellate Procedure 27(2)(A).*

Cedric Greene and his support circle will also include an affidavit in support of their request to this Court. *The affidavit of Cedric Greene should be accepted by the Court under Federal Rules of Appellate Procedure 27(2)(B)(1).*

## AFFIDAVIT OF CEDRIC GREENE IN SUPPORT OF HIS MOTION TO STRIKE

### 2.

Cedric Greene is a *pro se* litigant that just didn't comply with the restrictions at all when he presented his insufficient filing to this Court. That's unacceptable.

Mr. Greene didn't deserve the right to litigate in this Court as *pro se* for this case during that time, and he has to do much better in order to be able to be obtain his opportunity to case proceed.

Regardless of the appeals merits, Greene has restrictions in this Court that hasn't been altered or amended, and he understands the Court's position. *In the outlined restriction case however, we ask for the Court to Strike one of the outlined requirements.*

The requirement we ask the Court to strike is the requirement that ask that he *"include a list of all civil appeals pending or previously filed in this court."*

Greene is a litigant that seeks to respect the Court and its staff. Asking the staff to obtain that list in each proposed matter could complicate matters for him and clerical officials. It can also be challenging.

In most circumstances, it's a small window for Greene to return the completed Petition due to when the mailing address issues his mail to him. That can also complicate and frustrate matters for him.

The mailing address has a process within itself for the clients they obtain mail for. Greene is by no means making efforts to remove himself from his *pro se* obligations, but asking for a list is a tall task for him, and it could also be a tall task for Court.

Our position is that Requirements "1" and "3" under *Greene v. First to Serve Inc., Nos. 21- 1278,* is more suitable for him as pro se. We also believe that it can be more suitable for Tenth Circuit staff.

It's been occasions to where staff has notified Greene in many phone conversations that they were busy. Neither Greene nor anyone from his support circle has the desire to interfere, or disrupt the staffs work flow during a normal day on *"bogus or needless basis."*

Asking staff to gather a list during a busy work flow of any sort will agitate any Tenth Circuit official. *Greene has been on the receiving side of that agitation on multiple occasions.*

The most important reason of them all we wish to strike that one requirement is for case focusing purposes. Requirements "1" and "3" is more geared towards case appeal purposes.

The numerous times that Greene has called on the Court's resources shouldn't be the issue. It's what he is seeking to do in the matter he asks to do during the time that they are working on the proposed appeal issue.

This is one of the appeals that he didn't get the opportunity to litigate in this Court for his failures.

We are in the process of preparing a drat submission that would allow us the opportunity to ask the Court to recall or reinstate this case. We ask to do so under *Requirements "1" and "3."*

We believe that *Requirements "1" and "3"* could be less complicated for Greene, his support group, and the Tenth Circuit clerical officials. That's why we would ask for this Court to <u>Strike Requirement "2."</u>

Requirement "2" is far too much of a tall task for everyone, including those that assist Greene in the best fashion that they could under difficult circumstances.

We would therefore ask for the Court to Strike that requirement in our efforts to ask for this Court to reinstate this appeal under *Requirements "1" and "2"* under the restriction case.

I Declare under penalty of perjury that the foregoing is true and correct, and that this affidavit was executed on this <u>17th day of October, 2022.</u>

E- Signature: *Cedric Greene Jr.*



Cedric Greene
501 East 6th Street
Los Angeles, CA 90021

Tenth Circuit Court of Appeals
1823 Stout Street
Denver, Colorado 80257